# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **CLEVELAND JACKSON** | ) | |
| **Petitioner,** | ) | **Case No. 3:07 CV 0400** |
| | ) | |
| **-vs-** | ) | **Judge Donald C. Nugent** |
| | ) | |
| **MARC HOUK, WARDEN** | ) | **DEATH PENALTY CASE** |
| **Respondent.** | ) | |

---

## PETITIONER'S TRAVERSE

John B. Gibbons, Esq. (0027294)
2000 Standard Building
1370 Ontario Street
Cleveland, OH 44113
(216) 363-6086; (216) 363-6075 Fax
jgibbons4@sbcglobal.net


James A. Jenkins, Esq. (0005819)
2000 Standard Building
1370 Ontario Street
Cleveland, OH 44113
(216) 363-6003; (216) 363-6013 Fax
jajenkins49@hotmail.com


Counsel for Petitioner Cleveland Jackson

Marc Dann
Ohio Attorney General

Thomas E. Madden
Assistant Attorney General
Capital Crimes Section
30 East Broad Street, 23rd floor
Columbus, OH 43215-3428
(614) 728-7055; (614) 728-8600 Fax

Counsel for Respondent

Now comes the Petitioner, Cleveland Jackson who sets forth below his response to Respondent's Return of Writ.

**First Claim for Relief:**

Petitioner Cleveland Jackson was denied his constitutional right to due process of law and a fair trial by the State Trial Court and the Ohio Supreme Court when his counsel was prohibited from examining potential jurors in a capital case about the bias they would have against a person who was accused of homicide of a young child. The Ohio Supreme Court decision was contrary to or involved an unreasonable application of federal law as determined by the United States Supreme Court when it found a clear constitutional violation but did not grant Jackson a new trial on all counts of the indictment.

**I.** **Procedural Posture and response to Respondent's defense of procedural default and Merits:**

Counsel for Respondent conceded that the Petitioner's first claim for relief is properly preserved for federal habeas review. Petitioner asserts that the trial court record does not support Jackson's allegation that the jury was not adequately questioned. Respondent argues that he Ohio Supreme Court vacated Jackson's death penalty for the homicide of Jala Grant pursuant to provisions of State law, those being provisions of the Ohio Rules of Criminal Procedure and provisions of the Ohio Revised Code. Therefore, the Respondent argues that this claim is not based upon a violation of the United States Constitution. This argument is mistaken as the issue was litigated in the Ohio Supreme Court on United States the basis of a violation of the Constitution.

Pursuant to Ohio's statutory scheme, the judgment of conviction and penalty imposed was directly reviewed by the Ohio Supreme Court. The ultimate decision of the Ohio Supreme Court is found at <u>State v. Jackson</u>, 107 Ohio St.3d 53. On appeal Jackson contended that his Constitution rights under the United Stated Constitution were violated when the trial court judge unduly restricted voir dire examination by precluding trial counsel from questioning prospective jurors concerning their views about imposing the death penalty on a person who is convicted of killing a three-year-old child. Jackson argued to the Ohio Supreme Court that the trial judge's refusal to inform prospective jurors that one of the murder victims was a three-year-old child prevented him from discovering bias on the part of prospective jurors. Jackson argued that this restriction prohibited him from developing and exercising challenges for cause and peremptory strikes against prospective jurors who could not fairly consider mitigation evidence or a lesser life sentence.

The trial court judge and the Ohio Supreme Court erred in treating the instant motion for mistrial as a matter of procedure based upon State law. On the other hand, the trial court judge and the State Supreme Court examined the issue in the context of a federal constitutional question.

However, the remedy was mistakenly applied as a procedural issue only. Therefore, on the basis of the Petitioner's first claim for relief, the Petitioner must have his petition granted and the case remanded back to the State court for a complete new trial. The Ohio Supreme Court decision was contrary to or involved an unreasonable application of federal law as determined by the United States Supreme Court.

**Second Claim for Relief:**

Cleveland Jackson was denied his right to due process of law as guaranteed by the United States Constitution by the State trial courts' denial of his right to conduct a careful and searching examination of prospective jurors in order to challenge said biased jurors.

**I.      Procedural Posture and response to Respondent's defense of procedural default and Merits:**

The Respondent concedes that this issue was properly preserved for habeas review by the District Court.

There is no question that the small Ohio community of Lima, Ohio and Allen County were saturated with media coverage of the trial of the Defendant and his co-defendant brother. Despite the timing of the two "back to back" trials, the trial judge restricted Jackson's trial counsel from examining prospective jurors about their prior knowledge of the case gained through media coverage. The trial judge's single reference to pretrial publicity was constitutionally inadequate. The decisions of the trial court and State Supreme Court were contrary to and involved an unreasonable application of federal law as determined by the United States Supreme Court. Petitioner has demonstrated "actual prejudice" and the decisions of the State trial court and United States Supreme Court were contrary to a series of United States Supreme Court cases to include Irvin v. Dowd, 366 U.S. 717(1961); Sheppard v. Maxwell, 384 U.S. 333 (1996) and Murphy v. Florida, 421 U.S. 794 (1975) and was an unreasonable application of the holdings of those cases.

**Third Claim for Relief:**

The Petitioner Cleveland Jackson was denied his right to a fair trial and due process of law as guaranteed by the United States Constitution when the State trial judge limited his ability to uncover juror bias against him and failed to grant a change of venue away from Allen County.

**I.** **Procedural Posture and response to Respondent's defense of procedural default and Merits:**

The Respondent argues that Jackson's third claim for relief has not been exhausted in State courts and is therefore barred by procedural default.

Contrary to the assertions of the Respondent Warden, this specific claim has not been procedurally defaulted and is properly before the court for decision. There can be no dispute that the jurors sitting on the panel were subjected to overwhelming, adverse pretrial publicity. Despite this fact, the trial judge severely limited Jackson's trial counsel from examining on the issues of negative pretrial publicity and bias. The record is filled with facts, which would demonstrate prior knowledge of the case and bias against Jackson. The United States Supreme Court in a line of cases has held that trial counsel must be granted an adequate voir dire process in order to ferret out prior knowledge and active bias. Irvin v. Dowd, 366 U.S. 717 (1961); Murphy v. Florida, 421 U.S. 794 (1975); Morgan v. Illinois, 504 U.S. 719 91992). The State Court decisions denying Jackson's claims were contrary to or involved an unreasonable application of federal law as determined by the United States Supreme Court.

**Fourth Claim for Relief:**

Petitioner Cleveland Jackson's right to a fair trial and due Process of law as guaranteed by the United States Constitution was denied when the State Court Trial judge prohibited his trial counsel from examining prospective jurors about whether they could consider a life sentence for the killing of a young child, and whether they would automatically impose the death penalty upon a finding of guilt and whether the prospective jurors could be fair and impartial.

**I.    Procedural Posture and response to Respondent's defense of procedural default and Merits:**

The Respondent conceded that all aspects of this claim are properly before the District Court for habeas review.

The States argument is that Jackson's attorneys were permitted to question prospective jurors in an indirect fashion about their thoughts on mitigation. However, a careful examination of the trial record reveals that Jackson's attorneys were prohibited from directly questioning prospective jurors regarding whether they could consider mitigating factors in the imposition of the death penalty. Moreover, the decision of the United States Supreme Court in Morgan v. Illinois, 504 U.S. 719 (1992) and Adams v. Texas, 448 U.S. 38 (1980) clearly establish the principle that a juror must be excused when that prospective juror has fixed views about the imposition of the death penalty.  The petition shows those instances in the record below of those jurors with fixed views on capital punishment who were permitted to sit on the panel.  Therefore, the conclusion of the petition that the judgment of the trial court and the State Appellant Courts were contrary to or

were an unreasonable application of federal law as found in United States

Supreme Court precedent is correct.

**Fifth Claim for Relief:**

Petitioner Cleveland Jackson was denied his right to a fair trial and due

process of law as guaranteed by the United States Constitution when the State

court trial judge prohibited his counsel from examining jurors who expressed

reservations about the imposition of the death penalty whether they would

nonetheless follow the court's instruction and consider the imposition of that

penalty.

**I.      Procedural Posture and response to Respondent's defense of
procedural default and Merits:**

The Respondent concedes that this claim is properly before the District Court for

habeas review.

It is beyond dispute that federal law on this issue was fixed by the United States

Supreme Court in Wainwright v. Witt, 469 U.S. 412 (1985) where the court found, as a

general rule, a defendant in a capital case may excuse for cause a juror if the juror's

views would prevent or substantially impair the performance of his duties as a jury in

accordance with the court's legal instructions and oath.  That United States Supreme

Court precedent obviously is clear that reviewing courts must grant deference to the trial

judge.  However, the Respondent is incorrect in asserting that the United States Supreme

Court in the case of Ultecht v. Brown, 456 U.S. 152 (2007) creates a super standard of

deference to the trial court in this regard. The record of the trial below is clear that

Jackson's defense counsel was unconstitutionally prohibited from conducting further

rehabilitative questioning regarding their fixed views on the imposition of the death penalty.

**Sixth Claim for Relief:**

Petitioner Cleveland Jackson was denied his right to a fair trial and due Process of law as guaranteed by the United States Constitution when the State trial judge applied as legally improper constitutional standard in excusing prospective jurors who expressed objections to the imposition of the death penalty but were not completely opposed to capital punishment under all circumstances and could fairly consider the imposition of that penalty.

**I.      Procedural Posture and response to Respondent's defense of procedural default and Merits:**

The Respondent concedes that this claim is properly before the District Court for habeas review.

Federal law established by United States Supreme Court precedent is found in Witherspoon v. Illinois (391 U.S. 510 (1968); Adams v. Texas, 448 U.S. 38 (1980); Wainwright v. Witt, 469 U.S. 412 (1985); Evitts v. Lucey, 469 U.S. 387 (1985) and Michigan v. Long, 463 U.S. 1032.  The record in the trial court below is clear that the stricter standard, as provided for in the Ohio Revised Code, were not followed by the trial judge.  Under the dictates of Witherspoon, therefore, Jackson was deprived of his right to due process of law, a fair trial and effective assistance of counsel, because the trial court improperly excused jurors who were otherwise qualified to serve soley because of their views on the

imposition of a death penalty. Petitioner's claim is properly before the District Court.

**Seventh Claim for Relief**:

Petitioner Cleveland Jackson was denied his right to a fair trial in a State of Ohio Court and his right to due process of law as guaranteed by the Constitution of the United States because of the cumulative effect of the many prejudicial errors committed by the State trial judge in the voir dire, jury selection process and in the failure to grant a change a venue away from Allen County, Ohio.

## I.      **Procedural Posture and response to Respondent's defense of procedural default and Merits:**

The Respondent argues that claim number seven is barred by procedural default for failure to exhaust the claim. The Respondent further argues that since the claim lacks merit, the claim is barred from habeas review by the concept of procedural default.

The Respondent argues that the Petitioner has failed to preserve all of these issues for habeas review in the District Court. The Respondent has not cited any defirmative Supreme Court or Sixth Circuit Court of Appeals precedent. The Petitioner has raised each and every one of these individual claims in the State Court below.

Therefore, based upon section 28 U.S. C. section 2254(b)(2) this District Court must determine if the individual and cumulative errors have merit, and the entire action must be remanded to the State Court for reconsideration.

**Eighth Claim for Relief:**

The petitioner, Cleveland Jackson was denied by the State of Ohio his right to a fair trial and due process of law as guaranteed by the United States Constitution when the trial court permitted the State prosecutor to introduce at the guilt and penalty phase of trial lengthy inflammatory, emotional, and irrelevant victim impact evidence to include a tooth fragment found at the crime scene, the bloody clothing worn by a three-year-old shooting victim and the hearsay statements of cries for help of a young victim.

**I.     Procedural Posture and response to Respondent's defense of procedural default and Merits:**

The Respondent concedes the sub-claim eight (A) and eight (B) are properly before the District Court for habeas review.  The Respondent argues that sub-claim eight (C) has been procedurally defaulted.

The State of Ohio was permitted to introduce inflammatory evidence, with no probative value, at both phases of the trial.  Therefore, Cleveland Jackson was denied a fair trial and was denied his right to due process of law.  Irrelevant and prejudicial "victim impact" evidence was introduced at the trial phase.  Those items of evidence included an unidentified tooth fragment, and the bloody clothing worn by the three-year-old victim.  The tooth fragment was never identified as being connected to any victim at the crime scene.  The clothing of the three-year-old victim was particularly inflammatory and improper evidence.  The three-year-old was struck in the head.  Therefore, the clothing was irrelevant.  Moreover, the State was also permitted to introduce into evidence the hearsay statement of the young victim.  All of these issues are ripe for the District Court review.

**Ninth Claim for Relief:**

Petitioner Cleveland Jackson's right to due process of law as guaranteed by the United States Constitution was denied when the State of Ohio trial judge failed to prohibit the prosecuting attorney from introducing into evidence highly emotional, prejudicial "victim impact" evidence in the guilt phase of the trial.

**I.      Procedural Posture and response to Respondent's defense of procedural default and Merits:**

The Respondent concedes that this claim was presented and rejected by the Ohio Supreme Court.  However, the Respondent argues that the claim has been procedurally defaulted since Jackson failed to contemporaneously object at trial and the Ohio Supreme Court applied the harmless error standard of review.

The Respondent conceded that this claim was presented to the Ohio Intermediate Court of Appeals and to the Ohio Supreme Court.   Therefore, the Respondent's argument that this claim is procedurally defaulted has no merit.  Therefore, this District Court should independently review this claim.

**Tenth Claim for Relief:**

The Petitioner, Cleveland Jackson was denied his right to due process of law as guaranteed by the United States Constitution when the State trial judge permitted the introduction of prejudicial and highly emotional, but irrelevant, trial evidence at the penalty phase of the capital trial.

**I.      Procedural Posture and response to Respondent's defense of procedural default and Merits:**

The Respondent concedes that all aspects of this claim are properly before the

District Court for habeas review.

Petitioner brought a claim for relief arguing that the trial court erred when it permitted the readmission of trial testimony from the victims and a number of photos of the deceased. The Respondent in his brief goes into great detail to explain that the numerous irrelevant and prejudicial evidence was not duplicative or prejudicial in the mitigation phase of the trial. However, the trial record below reflects that prejudicial nature of the re-introduction of massive amounts of trial evidence in the mitigation phase. The Petitioner has established that his basic Constitutional rights were violated.

### Eleventh Claim for Relief:

Petitioner Cleveland Jackson's right to due process of law as guaranteed by the United States Constitution was denied when the State of Ohio trial judge permitted the victims of the offenses to be present in the courtroom, in front of the jury during the penalty phase of the trial.

### I.     Procedural Posture and response to Respondent's defense of procedural default and Merits:

The Respondent concedes that this claim is properly before the District Court for habeas review.

During the guilt phase of this trial, the five victims had provided to the jury highly emotional testimony. When guilty verdicts were delivered, the same victims were permitted to reenter the courtroom and stay in the courtroom during the penalty or mitigation phase of the trial. The trial judge made no determination as to whether the presence of the victim placed the Defendant's right to a fair trial

in jeopardy. The presence of the victims in the courtroom created an emotionally charged atmosphere.

The relevant United States Supreme Court precedent on this issue are Furman v. Georgia, 408 U.S. 238 (1972); Greggs v. Georgia, 428 U.S. 143. Those cases established the proposition that the jury who makes the determination about whether a convicted defendant should suffer the imposition of the death penalty, should make this finding free from external forces of emotion, retribution or score settling. It is clear from the trial record below that the trial court and the Ohio Supreme Court, in considering this issue, made decisions, which were contrary to or invoked an unreasonable application of federal law as determined by the United States Supreme Court.

### Twelfth Claim for Relief:

The Petitioner, Cleveland Jackson was deprived of his right to due process of law as guaranteed by the United States Constitution due to the misconduct at all stages of his capital trial by the State of Ohio prosecuting attorney.

**I.** **Procedural Posture and response to Respondent's defense of procedural default and Merits:**

The Respondent concedes that claim 12(a) was presented to the Ohio Supreme Court for review but argues that the claim has been procedurally defaulted on Jackson's failure to lodge a contemporaneous objection at trial.

The Respondent concedes that claim 12(b) was presented for review to the Ohio Supreme Court. However, the Warden argues that the claim has been

procedurally defaulted since Jackson failed to lodge a contemporaneous objection and the Ohio Supreme Court applied the harmless error analysis.

The Respondent concedes that claim 12(c) was presented for review to the Ohio Supreme Court. However, the Warden argues that Jackson failed to lodge a contemporaneous objection and is therefore procedurally defaulted.

The Respondent concedes that claim 12(d) and 12(e) are properly before the District Court for habeas review.

In effect, the Respondent concedes that each and every one of his claims were presented to the Ohio Intermediate Court of Appeals and to the Ohio Supreme Court. Therefore, the Respondents argument that this claim is procedurally defaulted has no merit. Therefore, this District Court should independently review every breach of his claim.

**Thirteenth Claim for Relief:**

Cleveland Jackson was deprived of his right to due process of law as guaranteed by the United States Constitution when he was provided ineffective counsel at numerous points in the trial.

**I.      Procedural Posture and response to Respondent's defense of procedural default and Merits:**

The Respondent concedes that all aspects of the Petitioner's claims 13(a) through 13(g) are properly before the District Court for habeas review.

The federal law on the issue of ineffective assistance of counsel is provided for in the Sixth Amendment of the United States Constitution and in the principle case of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Obtaining

expert and investigative assistance is required in order to provide effective assistance of counsel. <u>Ake v. Oklahoma</u>, 470 U.S. 68 (1985). The petition contains numerous instances of ineffective assistance of counsel at all phases of the trial. The decision of the State trial court and the Ohio Supreme Court amounts to decisions, which were contrary to or involved an unreasonable application of federal law as determined by the United States Supreme Court.

Petitioner, in each and every instance cited in his initial habeas petition that his counsel was ineffective and this ineffectiveness prejudiced his defense at trial. In other words, but for trial counsel's ineffective, the result of the trial, both guilt and penalty phase, would have been different.

**Fourteenth Claim for Relief:**

Cleveland Jackson was denied his right to effective assistance of counsel in a capital prosecution when his trial counsel was ineffective in the investigation and introduction of helpful and explanatory mitigation evidence at the penalty phase of the trial.

**I.      Procedural Posture and response to Respondent's defense of procedural default and Merits:**

The Respondent concedes that all aspects of Petitioner's fourteenth claim for relief, those being claims 14(a) through 14(c) are properly before the District Court for habeas review.

In his fourteenth claim for relief, Petitioner asserts that trial counsel provided ineffective assistance of counsel in the penalty phase of his trial when counsel failed to investigate and develop evidence about Jackson's horrible

childhood during mitigation. Moreover, Jackson's petition claims that counsel failed to present an expert in Africa-American culture and other aspects of his background. Federal law is established in <u>Strickland</u>, <u>Supra</u>; <u>Yarborough v. Gentry</u>, 540 U.S. 1 (2003); <u>Wiggins v. Smith</u>, 539 U.S. 510 (2003) and <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). The petition demonstrates numerous instances of ineffective assistance of counsel and prejudice to Jackson's efforts to mitigate the penalty. Based upon the claims set forth in the petition, it is clear that the State appeals court rendered decisions which were contrary to or involved an unreasonable application of federal law as found in United States Supreme Court precedent.

### **Fifteenth and Sixteenth Claim for Relief:**

The State trial court denied petitioner his right to due process of law as guaranteed by the United States Constitution when it denied his post conviction relief petition without first affording him his right to effective assistance of counsel and granting him the right to conduct discovery.

The State Of Ohio erred and denied the petitioner his right to due process of law as guaranteed by the United States Constitution by failing to provide him, as an indigent person, the necessary expert and investigative assistance in order -- ----- presented his petition for post conviction relief.

**I.** **Procedural Posture and response to Respondent's defense of procedural default and Merits:**

The Respondent concedes that Petitioner's fifteenth and sixteenth claims for relief are properly before the District Court for habeas review.

In his petition, Jackson made the claim that he was denied the right to conduct discovery in his State court petition for post conviction relief. In this petition, Jackson moved this Court to grant the petition and remand the case to the trial court in order to conduct an evidentiary hearing. In his petition, Jackson claims in his sixteenth claim that he was deprived of his Constitutional rights when the trial court overruled his motion to expend State funds for investigative assistance.

Federal law in this regard is set forth in the Supreme Court cases of <u>Long v. Iowa</u>, 385 U.S. 192 (1966); and <u>Britt v. North Carolina</u>, 404 U.S. 226 (1991). In his petition, Jackson sets forth ample facts in the record below to establish that the lower appellate courts and the Ohio Supreme Court, made decisions which were contrary to or an unreasonable application of federal law as taught by the United States Supreme Court. (See <u>Wiggins v. Smith</u>, 539 U.S. 510 (2003)).

**<u>Seventeenth Claim for Relief:</u>**

Petitioner Jackson was denied due process because both the trial court and the appellate courts failed to fulfill their statutory duties in imposing and reviewing his sentence of death, and the appellate courts failed to fulfill their obligation to meaningfully review the proportionality of Petitioner Jackson's death sentence**.**

**I.** **Procedural Posture and response to Respondent's defense of procedural default and Merits:**

The Respondent concedes that Petitioner's claim 17(a) is properly before the District Court for habeas review. It is the Respondent's position that claim 17(b) is procedurally barred for failure to exhaust. It is the Respondent's position that the District Court has the authority to dispose of unexhausted claims that lack merit. However, unexhausted claims, with merit must be remanded back to the State Court for review. The Respondent contends that this claim lacks merit and no procedure for State appeal exists, the claim is barred for habeas review.

### Eighteenth Claim for Relief:

Petitioner Jackson's death sentence is unfairly disproportionate to similar cases, the Ohio courts denied him due process by failing to properly consider the proportionality of his death sentence.

### I.      Procedural Posture and response to Respondent's defense of procedural default and Merits:

It is the Respondent's position that this claim for relief is barred by procedural default for failure to exhaust State Court remedies. However, Petitioner adopts all of his claims and assertions set forth in his petition and moves this Court to grant habeas relief.

### Nineteenth Claim for Relief:

Ohio's death penalty statute is unconstitutional in numerous respects.

### I.      Procedural Posture and response to Respondent's defense of procedural default and Merits:

The Respondent's position is that claim 19(a) is properly before the District Court for habeas review. The Respondent's position is that claim 19(b) is

properly before the District Court for habeas review; that claim 19(c) is properly before the District Court for habeas review; that claim 19(f) is properly before the District Court for habeas review; that claim 19(g) is properly before the District Court for habeas review; that claim 19(i) is properly before the District Court for habeas review; that claim 19(j) is properly before the District Court for habeas review; that claim 19(k) is properly before the District Court for habeas review; that claim 19(i) is properly before the District Court for habeas review; that claim 19(m) is properly before the District Court for habeas review; that claim 19(o) is properly before the District Court for habeas review; that claim 19(p) is properly before the District Court for habeas review; and that claim 19(s) is properly before the District Court for habeas review.

However, it is the Respondent's position that claims 19(d), 19(e), 19(n), 19(q) and 19(r) have never been exhausted in State Court review and are therefore procedurally defaulted. Moreover, the Respondent argues that, in any event, all of these claims lack merit. The Petitioner adopts all of his claims and assertions set forth in his petition and moves this Court to grant him habeas relief.

**Twentieth Claim for Relief:**

Mr. Jackson's conviction and sentence are unconstitutional because of the cumulative effect of the many errors that occurred during his trial and in all subsequent proceedings.

**I.     Procedural Posture and response to Respondent's defense of procedural default and Merits:**

It is the Respondent's position that claim twenty is barred by procedural default for failure to exhaust State Court review. It is the Respondent's position

that the District Court can dispose of unexhausted claims that lack merit.

Unexhausted claims, with merit, must be remanded back to State Court.

However, the Petitioner adopts all of his claims and assertions set forth in his

petition and moves this Court to grant him habeas relief.

Respectfully submitted,

S/John B. Gibbons
John B. Gibbons (0027294)
2000 Standard Building
1370 Ontario Street
Cleveland, OH 44113
216.363.6086; 216.363.6075 Fax
jgibbons4@sbcglobal.net

s//James A. Jenkins
James A. Jenkins (0005819)
2000 Standard Building
1370 Ontario Street
Cleveland, OH 44113
216.363.6003; 216.363.6013 Fax
jajenkins49@hotmail.com

Attorneys for Petitioner Cleveland Jackson

**CERTIFICATE OF SERVICE**

This is to certify that on this 10th day of December, 2007, the foregoing

PETITIONER'S TRAVERSE was filed electronically. Notice of this filing will be sent

to all parties by operation of the Court's electronic filing system. Parties may access this

filing through the Court's system.


<u>S/John B. Gibbons</u>
John B. Gibbons (0027294)
One of the attorneys for Petitioner